**Sherman GOLDSTEIN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Department of Veterans Affairs, Defendants–Appellees.**

**Docket No. 00–6363.**

United States Court of Appeals, Second Circuit.

July 17, 2001.

Sherman Goldstein, New York, NY, pro se.

Nicole L. Gueron, Assistant United States Attorney for the Southern District of New York; Mary Jo White, United States Attorney for the Southern District of New York; Gideon A. Schor, Assistant United States Attorney for the Southern District of New York, Of Counsel, New York, NY, for appellees.

Present WALKER, Chief Judge, CABRANES and STRAUB, Circuit Judges.

116

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Sherman Goldstein, *pro se*, appeals from a judgment dismissing his action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671–2680, against the United States and the Department of Veterans' Affairs ("Veterans' Department"). Goldstein alleged that employees of the New York City office of the Veterans' Department stole various documents and medical records that he had mailed to the office in connection with his request for benefits.

■ The district court dismissed the suit because New York law, which was to be applied under the Federal Tort Claims Act, *see id.* at § 1346(b)(1), precludes suits against an employer for a theft committed by employees so long as the employer did not induce the employee to commit the theft. *See Goldstein v. United States*, No. 99 Civ. 5122, 2000 WL 1286407, at *1 (S.D.N.Y. Sept. 13, 2000); *see also Banque Worms v. Luis A. Duque Pena e Hijos, Ltda.*, 652 F.Supp. 770, 773 (S.D.N.Y.1986).

■ Having fully considered the matter, we find that the district court properly dismissed the complaint. *See United States v. New York Med. Coll.*, 252 F.3d 118, 120 (2d Cir.2001) (noting that dismissal of complaint is subject to *de novo* review). There is no evidence in the record to suggest that the defendants induced or otherwise approved of its employees committing the purported theft of Goldstein's medical records and, as such, the doctrine of respondeat superior is not applicable to impose liability on the defendants. *See, e.g., Melbourne v. New York Life Ins. Co.*, 271 A.D.2d 296, 707 N.Y.S.2d 64, 67 (2000).

Moreover, we find Goldstein's remaining contentions on appeal to be without merit. Accordingly, the judgment of the district court dismissing the action is hereby AFFIRMED.